IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAULINE DEMARCO and             )
JOSEPH DEMARCO,                 )
                                )
    Plaintiffs,                 )
                                )          CIVIL ACTION FILE NO.:
v.                              )
                                )          1:20-cv-04256-SDG
SHOAZIM RAKMANOV, and           )
TRUCKING EXPERTS, LLC,          )
                                )
    Defendants.                 )

## PLAINTIFFS' MOTION TO DISQUALIFY DEFENSE COUNSEL AND FOR SANCTIONS WITH BRIEF IN SUPPORT

COME NOW Plaintiffs Pauline and Joseph DeMarco, and file this Motion to Disqualify Defense Counsel and for Sanctions because Defense Counsel's continued representation of Defendants violates the Georgia Rules of Professional Conduct and counsel's ethical and professional obligations to Defendants, showing this Court as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND

This Court is familiar with the facts most relevant to this Motion. At a March 17, 2021, hearing, "the Court learned that—despite representing their interests by signing pleadings and filings, propounding discovery

requests, engaging an expert, and affirmatively participating in the litigation through other means— legal counsel representing Rakmanov and Trucking Experts has never actually met, spoken to, or otherwise communicated with his clients." [8/13/21 Order (ECF 92), pp. 2-3] The Court also, "reminded legal counsel of his professional obligation to withdraw if he could not communicate with his clients." [Id., p. 3] At a subsequent hearing on May 25, 2021, "legal counsel for Rakmanov and Trucking Experts again conceded that he has never communicated with his clients." [Id. p. 4] "Perhaps more troubling, despite making numerous affirmative representations on their behalf, legal counsel acknowledged that he did not know if Rakmanov or Trucking Experts were even aware of this action." [Id.] This Court then granted Plaintiffs' Motion for Sanctions and, "DIRECTED [the clerk] to enter default judgment as to liability against Rakmanov and Trucking Experts." [Id., p. 25]

After this Court entered its August 13th Order, Plaintiffs asked defense counsel to withdraw because they, "do not represent anyone in this case," "do not have an attorney-client relationship with the remaining defendants in this case," and, "do not have the defendants' consent to do anything in this case." [Ex. A, 8/17/21 Email] Defense counsel refused. In light of their

ongoing breaches of their ethical and professional obligations, this Court should disqualify defense counsel.

## II.    FACTS RELEVANT TO THIS MOTION

In addition to the facts set forth above and those already in the record[1], the following facts highlight why defense counsel must be disqualified.

Plaintiffs sent defense counsel a $1,000,000.00 policy-limits demand on October 13, 2020. [Ex. B] Defense counsel responded that same day stating that National Liability – not their actual clients, but the insurance company that hired them to represent the Defendants – "does not have enough information to respond to your demand." [Ex. C, Grant Smith letter] Plaintiffs responding by pointing out that National Liability had more than enough information to pay the policy limits and that by failing to do so it was gambling with its insureds' funds. [Ex. D, 10/22/20 letter] Defense counsel did not respond and never communicated this settlement demand to its actual clients Rakmanov and Trucking Experts.

---

[1] A detailed but not exhaustive list of all the actions take by defense counsel without the consent or knowledge of Defendants is contained in Plaintiffs' Opposition to Defendants' Motion to Dismiss. [ECF 59, pp. 16-18]

Plaintiffs served defense counsel with an Offer of Judgment for $1,250,000.00 on March 12, 2021. [Ex. E, 3/12/21 OOJ] Defense counsel responded and stated, "National Liability will offer Plaintiffs $300,000." [Ex. F, 4/12/21 Bedford letter] Defense counsel further stated that Plaintiffs must, "give National Liability releases and indemnity agreements…" and, "National Liability is willing to mediate." [Id.] Again, defense counsel does not represent National Liability and does not even mention releasing their actual clients Rakmanov and Trucking Experts. Further, defense counsel did not even attempt to communicate this offer to their clients[2].

Plaintiffs then sent an offer of judgment to all Defendants at the time for the $1,000,000.00 policy limits because the other defendants were potentially additional insureds under the National Liability policy. [Ex. H, 4/26/21 OOJ] There was no response to this offer of judgment, and defense counsel did not even attempt to communicate this offer of judgment to their actual clients Rakmanov and Trucking Experts. Finally, Plaintiffs sent an offer of judgment for $1,500,000.00 to Rakmanov and Trucking Experts on August 25, 2021. [Ex. I, 08/25/21 OOJ]

---

[2] Plaintiffs' counsel responded pointing out how defense counsel's response was grossly inaccurate and confirming that defense counsel relayed to their clients that Plaintiffs were going to send an increased demand. [Ex. G, 4/16/21 letter]

### III.   ARGUMENT AND CITATION OF AUTHORITY

This Court should disqualify defense counsel and sanction them for failing to fulfill their obligations under the Federal Rules and the Georgia Rules of Professional Conduct.

### A.    Standard for Motions to Disqualify

"A district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." *Musicus v. Westinghouse Electric Corp.*, 621 F.2d 742, 744 (5th Cir. 1980) (citations omitted)[3]. "A motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court." *Id.* When ruling on a motion to disqualify, a court must, "be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely choose counsel." *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976). The district court's duty is to investigate whether

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopted as binding precedent all decisions of the Former Fifth Circuit rendered prior to October 1, 1981).

counsel attorney violated applicable rules of conduct. *Schlumberger Tech. Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).

Even in Federal Court, "the Code of Professional Conduct as adopted by the Supreme Court of Georgia governs the conduct of members of the State Bar of Georgia practicing before this Court." *Dodson v. Floyd*, 529 F. Supp. 1056, 1065 (N.D.Ga. 1981).

**B.    Ethical Rules Violated by Defense Counsel**

Defense counsel has violated and/or continues to violate, at a minimum, the following Georgia Rules of Professional Conduct (emphasis in bold):

- Rule 1.2 (a)  Subject to paragraphs (c) and (d), **a lawyer shall abide by a client's decisions concerning the scope and objectives of representation** and, as required by Rule 1.4, **shall consult with the client as to the means by which they are to be pursued**. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. **A lawyer shall abide by a client's decision whether to settle a matter**.

- Rule 1.2, Ct. [1] Paragraph (a) **confers upon the client the ultimate authority to determine the purposes** to be served by

legal representation, within the limits imposed by law and the lawyer's professional obligations. The decisions specified in paragraph (a), **such as whether to settle a civil matter, must also be made by the client**. See Rule 1.4 (a) (1) for the lawyer's duty to communicate with the client about such decisions.

- Rule 1.2, Ct. [6] The scope of services to be provided by a lawyer may be limited by agreement with the client or by the terms under which the lawyer's services are made available to the client. **When a lawyer has been retained by an insurer to represent an insured, for example, the representation may be limited to matters related to the insurance coverage.** A limited representation may be appropriate because the client has limited objectives for the representation. In addition, the terms upon which representation is undertaken may exclude specific means that might otherwise be used to accomplish the client's objectives. Such limitations may exclude actions that the client thinks are too costly or that the lawyer regards as repugnant or imprudent.

- Rule 1.4 (a) A lawyer shall:

(1) **promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0 (h), is required by these rules**;

(2)  **reasonably consult with the client about the means by which the client's objectives are to be accomplished**;

(3)   **keep the client reasonably informed about the status of the matter**;

- Rule 1.4 (b) **A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation**.

- Rule 1.4, Ct. [1] **Reasonable communication between the lawyer and the client is necessary for the client effectively to participate in the representation**.

- Rule 1.4, Ct. [2] If these rules require that a particular decision about the representation be made by the client, paragraph (a) (1) **requires that the lawyer promptly consult with and secure the client's informed consent prior to taking action** unless prior discussions with the client have resolved what action the client wants

the lawyer to take. For example, **a lawyer who receives from opposing counsel an offer of settlement in a civil controversy** or a proffered plea bargain in a criminal case **must promptly inform the client of its substance** unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer. See Rule 1.2 (a).

- Rule 1.4, Ct. [3] Paragraph (a) (2) **requires the lawyer to reasonably consult with the client about the means to be used to accomplish the client's objectives**. In some situations - depending on both the importance of the action under consideration and the feasibility of consulting with the client - **this duty will require consultation prior to taking action**. In other circumstances, such as during a trial when an immediate decision must be made, the exigency of the situation may require the lawyer to act without prior consultation. In such cases **the lawyer must nonetheless act reasonably to inform the client of actions the lawyer has taken on the client's behalf**. Additionally, **paragraph (a) (3) requires that the lawyer keep the client**

**reasonably informed about the status of the matter**, such as significant developments affecting the timing or the substance of the representation.

- Rule 1.4, Ct. [5] **The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued**, to the extent the client is willing and able to do so. Adequacy of communication depends in part on the kind of advice or assistance that is involved. For example, where there is time to explain a proposal made in a negotiation, the lawyer should review all important provisions with the client before proceeding to an agreement. In litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult the client on tactics that are likely to result in significant expense or to injure or coerce others. On the other hand, a lawyer ordinarily will not be expected to describe trial or negotiation strategy in detail. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the client's best interests, and the client's overall requirements as to the

character of representation. **In certain circumstances, such as when a lawyer asks a client to consent to a representation affected by a conflict of interest, the client must give informed consent, as defined in Rule 1.0 (h)**.

- Rule 1.7 (a) A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b)[4].

- Rule 1.7, Ct. [10] A lawyer may be paid from a source other than the client, **if the client is informed of that fact and gives informed consent** and the arrangement does not compromise the lawyer's duty of loyalty to the client. See Rule 1.8 (f). For example, when an insurer and its insured have conflicting interests in a matter arising from a liability insurance agreement, and the insurer is required to provide special counsel for the insured, the arrangement should assure the special counsel's professional independence. So also, when a corporation and its directors or employees are involved

---

[4] Subsection (b) requires informed consent, which defense counsel clearly has not provided.

in a controversy in which they have conflicting interests, the corporation may provide funds for separate legal representation of the directors or employees, **if the clients give informed consent and the arrangement ensures the lawyer's professional independence**.

- Rule 1.8 (f) **A lawyer shall not accept compensation for representing a client from one other than the client unless**:

  (1) **the client gives informed consent**;

  (2) *there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship*; and

  (3) information relating to representation of a client is protected as required by Rule 1.6.

- Rule 1.8, Ct. [5] Lawyers are frequently asked to represent a client under circumstances in which a third person will compensate the lawyer, in whole or in part. The third person might be a relative or friend, an indemnitor (**such as a liability insurance company**) or a co-client (such as a corporation sued along with one or more of its employees). **Because third-party payers frequently have interests that differ from those of the client, including**

**interests in minimizing the amount spent on the representation and in learning how the representation is progressing, lawyers are prohibited from accepting or continuing such representations unless the lawyer determines that there will be no interference with the lawyer's independent professional judgment and there is informed consent from the client**. See also Rule 5.4 (c) (prohibiting interference with a lawyer's professional judgment by one who recommends, employs or pays the lawyer to render legal services for another).

- Rule 1.16 (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, **shall withdraw from the representation of a client if**:

  (1) **the representation will result in violation of the Georgia Rules of Professional Conduct or other law**;

  (2)   the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

  (3)   **the lawyer is discharged**.

- Rule 5.4 (c) **A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services**.

- Rule 5.4, Ct. [1] The provisions of this rule express traditional limitations on sharing fees. These limitations are to protect the lawyer's professional independence of judgment. **Where someone other than the client pays the lawyer's fee or salary, or recommends employment of the lawyer, that arrangement does not modify the lawyer's obligation to the client.** As stated in paragraph (c), such arrangements should not interfere with the lawyer's professional judgment.

(Georgia Rules of Professional Conduct)

## C.    Defense Counsel Must Be Disqualified and Sanctioned

Georgia has already decided the obvious – you have to keep you clients fully informed of what is happening in a lawsuit. An attorney hired by an insurance company, "represents the insured as a client and has a duty to keep the insured fully informed by virtue of the rules of ethics." Formal Advisory Opinion No. 86-4, 1987 Ga. LEXIS 1042, *6 (citing then-Proposed

Georgia Rules and Disciplinary Standards of Conduct, Rule 1.4; *Rogers v. Robson, Masters, Ryan, Brumund & Belom*, 81 Ill. 2d 201, 40 Ill. Dec. 816, 407 N.E. 2d 47 (1980)). "The lawyer for the insurer has a duty to inform the insured **not only of any offer of settlement**; See Proposed Georgia Rules and Disciplinary Standards of Professional Conduct, Rule 1.2(c), **but also of the potential liability of the insurer for a bad faith refusal to accept any reasonable offer within the policy limits**." *Id*. (citing *Rogers*, *supra*; Rule 1.4(b)) (emphasis supplied). In other words, defense counsel in this case has a duty to convey all offers of settlement (they have not communicated even one of them), and defense counsel must tell the Defendants that they might have a bad faith claim against the insurance company for its failure to settle within policy limits (they haven't). Thus, defense counsel has repeatedly violated its ethical duties. Plaintiffs most recently sent an offer of judgment on August 25, 2021, which is still pending. Defense counsel has not and will not communicate this to Defendants. This requires sanctions and disqualification.

Georgia is hardly alone in requiring attorneys to fulfill their ethical obligations, including communicating with their clients. North Carolina has an ethics opinion concerning attorneys who cannot contact their clients and

finds, "the client's failure to contact the lawyer within a reasonable period of time after the lawyer's last contact with the client must be considered a constructive discharge of the lawyer." N.C. RPC 223 (1996). "Rule 2.8(b)(4)[5] of the Rules of Professional Conduct requires a lawyer to withdraw from the representation of a client if the lawyer is discharged by the client. Therefore, Attorney A must withdraw from the representation." *Id*.; see also, *Dunkley v. Shoemate*, 350 N.C. 573, 515 S.E.2d 442 (1999) ("a lawyer cannot properly represent a client with whom he has no contact.")[6].

The duty to keep clients advised of settlement negotiations and the consequences of those negotiations, including bad faith by the insurer, is nationwide. For example, in *Miller v. Byrne*, 916 P.2d 566, 574, 1995 Colo. App. LEXIS 232 (1995), the Colorado Court of Appeals held, "[a]n attorney representing a client has an obligation to advise the client fully of settlement negotiations and their ramifications." Id. (citing *Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58 (1989); *Whiteaker v. State*, 382 N.W.2d 112 (Iowa 1986); *Joos v. Auto-Owners Insurance Co.*, 94 Mich. App. 419, 288 N.W.2d 443 (1979)). The court goes further and holds, "this duty to communicate

---

[5] Old Rule 2.8 and now Rule 1.16. https://www.ncbar.gov/for-lawyers/ethics/correlation-table-2/

[6] Georgia Rule of Professional Conduct also requires an attorney to withdraw if they have been discharged. Rule 1.16 (a) (3).

all settlement offers exists even when an insurance company [**16] retains the attorney to defend an action against its insured, because the insured is, nevertheless, a client." *Id.* (citing *Rogers v. Robson, Masters, Ryan, Brumund & Belom*, supra). "This allows the insured to take appropriate actions to protect his or her own interests." *Id.* (citing R. Mallen, *Insurance Counsel: The Fine Line Between Professional Responsibility and Malpractice*, 45 Ins. Counsel J. 244, (1978)).

Defense counsel continues to violate the Georgia Rules of Professional Conduct despite repeated warnings from undersigned counsel and this Court. They have not communicated settlement offers, offers of judgment, or the consequences of these policy-limits offers to settle. Even if they somehow had a duty or right to represent the Defendants at some point in time, they have clearly been constructively discharged and must withdraw under Rule 1.16 (a) (3). Moreover, even if the insurance policy gives the insurance company a right to appoint counsel and defend the case, it does not give defense counsel a right to violate their ethical obligations under the Georgia Rules of Professional Conduct. It also does not free defense counsel from their duty to advise Defendants of their potential bad faith claims against their insurer after failing to settle this

case within policy limits multiple times. Finally, the balancing between the court's duty to ensure ethical conduct and the litigant's right to chose their counsel does not exist here; the Defendants have not chosen defense counsel and do not even know they are being represented by defense counsel. Therefore, this Court should grant Plaintiffs' Motion and sanction and disqualify defense counsel.

### III.   CONCLUSION

Plaintiffs respectfully ask this Court to sanction and disqualify defense counsel.

Respectfully submitted, this 27th day of August, 2021.

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for Plaintiffs*

825 Fairways Court
Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 Facsimile

andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com

## <u>CERTIFICATE OF SERVICE and COMPLIANCE WITH LR 5.1B</u>

I do hereby certify that I served a copy of the foregoing pleading by electronic service and/or sending a copy thereof by Statutory Overnight Delivery to counsel of record addressed as follows:

Grant B. Smith, Esq.
Nicholas D. Bedford, Esq.
Dennis, Corry, Smith & Dixon, LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339

I further certify that this pleading complies with LR5.1B as to font, spacing, and margins.

Respectfully submitted, this 27th day of August, 2021.

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for Plaintiffs*

825 Fairways Court
Suite 300
Stockbridge, GA 30281
(678) 593-3000

(678) 593-3015 Facsimile
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com