IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAULINE DEMARCO and ) <br> JOSEPH DEMARCO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHOAZIM RAKMANOV, and ) <br> TRUCKING EXPERTS, LLC, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO.: <br><br> 1:20-cv-04256-SDG |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISQUALIFY DEFENSE COUNSEL AND FOR SANCTIONS**

COME NOW Plaintiffs Pauline and Joseph DeMarco, and file this Reply Brief in Support of their Motion to Disqualify Defense Counsel and for Sanctions because Defense Counsel's continued representation of Defendants violates the Georgia Rules of Professional Conduct, the Federal Rules of Civil Procedure, and counsel's ethical and professional obligations to Defendants, showing this Court as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs' initial Brief cites and discusses several cases and other authority – a Georgia Formal Advisory opinion, a North Carolina formal ethics opinion, and cases from Illinois, North Carolina, Colorado,

Pennsylvania, Iowa, and Michigan – that all conclude defense counsel must fulfill its ethical obligations regardless of whether it is hired by an insurance company. Defense counsel does not discuss or even attempt to distinguish any of these cases. This is telling.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Defense counsel has not cited a single case that excuses their continuing violations of the rules of professional conduct and rules of civil procedure; instead, applicable formal opinions and case law requires they be disqualified and sanctioned.

### A.     Defense Counsel Ignores Relevant Authority

Defense counsel ignores all the formal opinions and case law setting forth their ethical obligations; instead, defense counsel focuses on the contract between the insurance company and its insured. As set forth in our principal brief, an attorney hired by an insurance company, "represents the insured as a client and has a duty to keep the insured fully informed by virtue of the rules of ethics." Formal Advisory Opinion No. 86-4, 1987 Ga. LEXIS 1042, *6 (citing then-Proposed Georgia Rules and Disciplinary Standards of Conduct, Rule 1.4; *Rogers v. Robson, Masters, Ryan, Brumund & Belom*, 81 Ill. 2d 201, 40 Ill. Dec. 816, 407 N.E. 2d 47 (1980)).

"The lawyer for the insurer has a duty to inform the insured **not only of any offer of settlement**; See Proposed Georgia Rules and Disciplinary Standards of Professional Conduct, Rule 1.2(c), **but also of the potential liability of the insurer for a bad faith refusal to accept any reasonable offer within the policy limits**." *Id.* (citing *Rogers, supra*; Rule 1.4(b)) (emphasis added).

In *Rogers, supra*, the insurance company hired defense counsel to defend a malpractice action. *Id.* Although the insurance company had the unilateral right to settle the lawsuit, the insured said he would not consent to any settlement. Once defense counsel knew the case was close to settling and that their client did not want the case to settle, "a conflict arose which prevented their continuing to represent both [the insured] and the insurer without a full and frank disclosure of the circumstances." *Id.* at 204.

Defense counsel argued they didn't breach any duty because the insurance contract gave the insurer a unilateral right to settle the case; the Illinois Supreme Court disagreed and held the insured, "was entitled to a full disclosure of the intent to settle…without his consent and contrary to his express instructions." *Id.* at 205. They explained the insurance agreement did not change defense counsel's obligations to their client, the

insured. Defense counsel's, "duty to make such disclosure stemmed from their attorney-client relationship with [the insured] and was not affected by the extent of the insurer's authority to settle," without consent. *Id*.

The Supreme Court of Hawaii also considered this issue in *Finley v. Home Ins. Co.*, 975 P.2d 1145 (1998). After finding insurance defense counsel represented the insured and not the insurer[1], the Hawaiian high court found the defense attorneys must follow the following ethical obligations:

> (1) consult with the client as to the "means by which the objectives [of the representation] are to be pursued"; (2) not allow the insurer to interfere with the attorney's 'independence of professional judgment or with the client-lawyer relationship'; and (3) not allow the insurer 'to direct or regulate the lawyer's professional judgment in rendering such legal services.'

*Id*. at 1153.

The court then noted whatever rights the insurance company may have under the insurance contract – to "control the litigation" or hire defense counsel – does not affect defense counsel's ethical obligations. *Id*.

---

[1] In this case, defense counsel only purports to represent Rakmanov and Trucking Experts. The insurer in this case has separate counsel.

at 1154. Relying on a well-established ABA Formal Opinion, the Hawaiian Supreme Court emphasized the difference between the rights of an insurer under the contract and the duties of defense counsel under the rules of professional conduct. "'Whatever the rights and duties of the insurer and the insured under the insurance contract, **that contract does not define the ethical responsibilities of the lawyer to his client**.'" *Id.* (quoting ABA Committee on Ethics and Professional Responsibility, Formal Op. 96-403 (hereinafter ABA Opinion) (citing *Rogers*, supra) (emphasis added).

All of the courts considering this exact question – whether an insurer's rights under an insurance contract can free defense counsel from their ethical obligations – have answered with a resounding no. *See*, *e.g.*, *Miller v. Byrne*, 916 P.2d 566, 574, 1995 Colo. App. LEXIS 232 (1995). The fact that defense counsel cannot cite anything to the contrary and has completely ignored the plethora of opinions that forbid what they are trying to do in this case, proves their conduct is unethical and requires disqualification.

### B.     Defense Counsel's Cases Ignore Their Ethical Obligations

None of the authority cited by defense counsel is binding on this Court, and none of the authority cited by defense counsel is even persuasive

on the facts of this case. None of these cases say defense counsel is absolved of their ethical obligations simply because an insurance contract gives an insurer a right to defend or control the litigation.

For example, defense counsel cites a South Carolina Bar opinion. The opinion first cites binding law from South Carolina and an opinion from North Carolina that both hold an attorney cannot represent someone with whom she has not contracted or communicated with. Advisory Opinion 19-04 (citing *A Fast Photo Express, Inc. v. First Nat'l Bank of Chi.*, 369 S.C. 80, 90, 630 S.E.2d 285, 290 (2006); *Dunkley v. Shoemate*, 350 N.C. 573, 515 S.E.2d 442, 445 (1999)). Although the opinion finds that if the insurance contract gives the insurer a right to defend then it may unilaterally hire counsel[2], it cautions that defense counsel's ethical obligations are to the insured and not the insurer. "Attorneys appointed by insurance carriers to defend the carrier's insureds are reminded that the insured and not the insurance company is the client to whom a fiduciary duty is owed and whose interests are to be protected." *Id.* (citing *Sentry Select Ins. Co. v. Maybank Law Firm, LLC*, 826 S.E.2d 270, 271, 2019 S.C. LEXIS 18 (2019) ("When an insurer hires an attorney to represent its

---

[2] Although Trucking Experts can be said to have consented to the defense of this case – at least initially – the same cannot be said for Rakmanov.

insured, an attorney-client relationship arises between the attorney to represent its insured – his client. Pursuant to that relationship, the attorney owes the client – not the insurer – a fiduciary duty")). There is nothing in this opinion that relieves defense counsel of their ethical duties to the Defendants in this case.

The same is true for the Minnesota court of appeals decision cited by the defense. The real issue in this case is whether service by publication on the defendant was appropriate. *Hornberger v. Wendel*, 764 N.W.2d 371 (Minn. App. 2009). It is true the appellate court found there was an attorney-client relationship between defense counsel and the insured based on the insurer's duty to defend under the insurance policy, but it did not hold, or even discuss, whether that relieved defense counsel of all their ethical obligations to the insured from that point forward.

Finally, defense counsel's failure to communicate several offers to settle this case is admissible for the purposes of this Motion[3]. "Rule 408

---

[3] Motions to strike are generally disfavored. *Robinson v. Wellstar Health Sys.*, 2021 U.S. Dist. LEXIS 123855, *6, 2021 WL 2678210 (N.D.Ga. 2021) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962) (stating that motions to strike are disfavored); *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F.Supp.2d 1215, 1218 (S.D. Fla. 2010) ("A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the

bars settlements or offers to settle in order 'to prove liability for, invalidity of, or amount of a claim.'" *Barker v. Niles Bolton Assocs.*, 316 Fed. Appx. 933, 937 (11th Cir. 2009) (citing Fed. R. Evid. 408(a)). "The rule does not apply if the evidence is offered for another purpose." *Id.* (citing Rule 408(b)); *see also, e.g., Guijosa-Silva v. Wendell Roberson Farms, Inc.*, 2012 U.S. Dist. LEXIS 33358, *13, 2012 WL 860394 (M.D.Ga. 2012) (Lawson, J.) ("As noted above, Rule 408 only bars the admission of evidence used 'to prove liability for, invalidity of, or amount of a claim.' If evidence is offered for another purpose, the Rule will not serve to preclude that evidence.") This evidence is not offered to prove liability for, invalidity of, or amount of a claim; instead, it is used to prove defense counsel has violated their ethical obligations to Defendants.

Regardless, this Court would be well within its broad powers to inquire whether defense counsel has communicated any offers of settlement to their clients. Indeed, district courts can order parties to mediate with magistrate judges [Standing Order, p. 12] and even hold extensive settlement conferences with the parties themselves. *See, e.g.,*

---

parties."); *Drew v. Quest Diagnostics*, 992 F. Supp. *2d 1177, 1182 (N.D. Ala. 2014);* Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

*Sigma v. George,* 2008 U.S. Dist. LEXIS 135700, *63 (E.D.La. 2008). Defense counsel's failures to communicate settlement offers are admissible one way or another.

## C. Defense Counsel's Continuing Representation of Defendants is Unethical and Makes a Mockery of the Legal Process

Defense counsel's response to Plaintiffs' latest offer of judgment is due September 25, 2021 – defense counsel has not and will not communicate this offer to their clients, the Defendants[4]. Defense counsel has recently responded to Requests for Admissions, which once again illustrate the absurdity of them trying to represent Defendants they have never spoken with. For example, Request No. 13 to Defendant Rakmanov and defense counsel's response is as follows:

13.

Please admit you have never communicated with any attorney at or employee of Dennis, Corry, Smith & Dixon, LLP.

**Response: This Defendant admits his counsel hired two investigators to locate him and one talked to his**

---

[4] In the interim, another defense attorney has made an appearance on behalf of Defendants with which whom he has never spoken.

**ex-wife and the second investigator went to the address where Plaintiff alleged he resided and talked to an employee of the management company of the apartment who said he had not record that this defendant lived there or ever stayed there and this Defendant never talked to any attorney or employee of Dennis, Corry, Smith & Dixon, LLP, but deny the remaining allegations.**

(Ex. A). In this response, defense counsel pretends to be answering for Defendant Rakmanov – a person with whom they have never spoken. They continue this charade by falsely claiming Defendant Rakmanov somehow knows defense counsel, "hired two investigators to locate him and one talked to his ex-wife and the second investigator went to the address where Plaintiff alleged he resided and talked to an employee of the management company of the apartment." (Id.) Defense counsel has made up answers for their purported clients since this case was removed and they filed an Answer, and they continue to do so. An insurance contract does not and cannot permit defense counsel to make a mockery of the Federal Rules, the

Georgia Rules of Professional Conduct, and the integrity of the courts. This Court should not let this continue.

### III.   CONCLUSION

The disconnect in this case seems to be that defense counsel believes the insurer's rights under the insurance policy provides defense counsel with some type of license the defend this case to the end without fulfilling their required obligations under the Federal Rules and Georgia Rules of Professional Conduct. Defense counsel in this case: has not communicated settlement offers, offers of judgment, or the consequences of these policy-limits offers to settle; they have been constructively discharged and must withdraw under Rule 1.16 (a) (3); and, they have not fulfilled their duty to advise Defendants of their potential bad faith claims against their insurer after failing to settle this case within policy limits multiple times. This Court should sanction and disqualify defense counsel.

Respectfully submitted, this 23rd day of September, 2021.

                                                AUSBAND & DUMONT

                                                */s/ Douglas C. Dumont//*
                                                Andrew C. Ausband
                                                Georgia Bar No. 028602
                                                Douglas C. Dumont
                                                Georgia Bar No. 232680

*Attorneys for Plaintiffs*

825 Fairways Court
Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 Facsimile
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com

# CERTIFICATE OF SERVICE and COMPLIANCE WITH LR 5.1B

I do hereby certify that I served a copy of the foregoing pleading by electronic service and/or sending a copy thereof by Statutory Overnight Delivery to counsel of record addressed as follows:

| | |
|---|---|
| Grant B. Smith, Esq.<br>Nicholas D. Bedford, Esq.<br>Dennis, Corry, Smith & Dixon, LLP<br>900 Circle 75 Parkway, Suite 1400<br>Atlanta, Georgia 30339 | Darren Summerville, Esq.<br>The Summerville Firm, LLC<br>1226 Ponce de Leon Ave., NE<br>Atlanta, GA 30306 |

I further certify that this pleading complies with LR5.1B as to font, spacing, and margins.

Respectfully submitted, this 23rd day of September, 2021.

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680

*Attorneys for Plaintiffs*

825 Fairways Court
Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 Facsimile
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com