**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PAULINE DEMARCO and JOSEPH DEMARCO,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>SHOAZIM RAKMANOV and TRUCKING EXPERTS, LLC,<br><br>　　Defendants. | Civil Action No.<br>1:20-cv-04256-SDG |

**ORDER**

This matter is before the Court on several motions[1] filed after the Court entered its August 13, 2021 Order [ECF 92] granting Plaintiffs' motion for sanctions and entering default judgment as to liability against Defendants Shoazim Rakmanov and Trucking Experts, LLC.

The Court first takes up Defendants' Motion for Reconsideration [ECF 108] of its August 13 Order. Defendants ask the Court to reconsider its ruling that

---

[1] ECF 105 (Pls.' Mot. to Disqualify Defense Counsel); ECF 108 (Defs.' Mot. for Reconsideration of Aug. 13, 2021 Order); ECF 110 (Defs.' Mot. for J. on the Pleadings); ECF 111 (Defs.' Mot. to Set Aside Default J.); ECF 112 (Defs.' Mot. to Strike Pls.' Mot. to Disqualify Counsel); ECF 119 (Defs.' Mot. for Leave to Take Evidentiary Deps.);  ECF 125 (Defs.' Mot. for Oral Argument); ECF 126 (Defs.' Mot. for Leave to Compel Pls.' Deps.); ECF 134 (Defs.' Am. Mot. for Oral Argument); ECF 140 (Defs.' Mot. for Summ. J.); ECF 142 (Defs.' Am. Mot. for Summ. J.).

"counsel for Defendants engaged in sanctionable conduct by representing Defendant Shoazim Rakmanov without talking to him and Defendant Trucking Expert, LLC without talking to a principal . . . ."[2] Defendants have mischaracterized the Court's ruling. The Court sanctioned Defendants' counsel for violating the Court's explicit discovery order:

> The Court concludes that legal counsel for Rakmanov and Trucking Experts engaged in sanctionable conduct by violating the Court's discovery order entered on March 17, 2021. To date, neither Defendant has fully responded to even the most basic discovery requests, all the while their legal counsel was propounding his own.[3]

As detailed therein, on March 17, 2021, "[t]he Court ORDERED Defendants Shoazim Rakmanov and Trucking Experts, LLC to fully respond to all discovery requests no later than April 2, 2021."[4] Defendants never responded to the discovery requests as ordered.[5] Defendants' motion to reconsider contains arguments as to whether it is ethically proper for defense counsel to represent defendants with whom they have never spoken. Although defense counsel's lack of communication with their own clients is quite concerning in its own right, it

---

[2] ECF 109, at 1.

[3] ECF 92, at 24.

[4] ECF 46; *see* ECF 92, at 3.

[5] ECF 92, at 24.

was not the basis for the Court's sanctions order. The sanctions order was based on defense counsel's flagrant violation of this Court's discovery order. Defendants' Motion for Reconsideration [ECF 108] is **DENIED.**

Plaintiffs' Motion to Disqualify Defense Counsel [ECF 105] is **DENIED without prejudice**. Although the Court is troubled by defense counsel's inability to convey settlement offers to their own clients and the precarious professional position they have placed themselves in, the Court renders no opinion at this time on whether any rules of professional conduct have been violated. The Court will allow defense counsel to complete their purported representation of Defendants through the damages phase of this case, if they wish, and at their own peril. Defendants' Motion to Strike Plaintiffs' Motion to Disqualify [ECF 112], Defendants' Motion for Oral Argument on Plaintiffs' Motion to Disqualify [ECF 125], and Defendants' Amended Motion regarding same [ECF 134] are **DENIED**.

Defendants' Motion for Judgment on the Pleadings [ECF 110], Defendants' Motion to Set Aside Order [ECF 111], Defendants' Motion for Summary Judgment [ECF 140], and Defendants' Amended Motion regarding same [ECF 142] are **DENIED as moot**. As noted, liability has already been entered against Defendants.

Defendants' Motions for Leave to take Depositions [ECF 119; ECF 126] are **DENIED as moot**. Discovery is over. This case will proceed directly to an evidentiary hearing on damages.

Within seven days of this **ORDER**, Plaintiffs are **ORDERED** to email Chambers their position on whether the damages hearing should be heard by a jury or the Court. Defendants may email a response to Chambers within seven days after Plaintiffs' submission. Based on the responses, the Court will either provide further instructions or schedule a conference.

**SO ORDERED** this 3rd day of February, 2022.

Steven D. Grimberg
United States District Court Judge