IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAULINE DEMARCO and JOSEPH DEMARCO, <br><br> Plaintiffs, <br><br> v. <br><br> SHOAZIM RAKMANOV, and TRUCKING EXPERTS, LLC, <br><br> Defendants. | CIVIL ACTION FILE NO.: <br><br> 1:20-cv-04256-SDG |

**PLAINTIFFS' OBJECTION TO NATIONAL LIABILITY & FIRE INSURANCE COMPANY'S OFFER OF SETTLEMENT ON BEHALF OF DEFENDANTS SHOAZIM RAKHMANOV AND TRUCKING EXPERTS TO PLAINTIFFS UNDER O.C.G.A. § 9-11-68**

COME NOW Plaintiffs Pauline and Joseph DeMarco, and file this objection to National Liability & Fire Insurance Company's offer of settlement to Plaintiffs under O.C.G.A. § 9-11-68 on behalf of Defendants Shoazim Rakhmanov and Trucking Experts and Brief in Support, showing this Court as follows:

**FACTS**

On February 10, 2022, the USPS delivered an Offer of Judgment from defense counsel. On February 17, 2022, the USPS delivered an Amended Offer of Judgment from defense counsel. Defense counsel claims the party

making the Offer is, "National Liability & Fire Insurance Company on behalf of Defendants Shoazim Rakhmanov and Trucking Experts, LLC." The Amended Offer adds an additional term to benefit defense counsel, "Plaintiffs agree to file a joint motion to the Court to vacate its August 31, 2021 finding of "subjective bad faith' against the undersigned counsel for Shoazim Rakhmanov and Trucking Experts, LLC."

## **OBJECTIONS**

1.

O.C.G.A. § 9-11-68 (a) provides, "either **party** may serve upon the other party," an offer of settlement. (emphasis supplied) There are several additional requirements like requiring the party to, "[i]dentify **the party or parties making the proposal** and the party or parties to whom the proposal is being made." O.C.G.A. § 9-11-68 (a) (2) (emphasis supplied). The Offer and Amended Offer are made by, "National Liability & Fire Insurance Company on behalf of Defendants Shoazim Rakhmanov and Trucking Experts, LLC."  National Liability & Fire Insurance Company is not party, and therefore, it cannot made a valid Offer under O.C.G.A. § 9-11-68.

2.

National Liability & Fire Insurance Company has filed a declaratory judgment action in the Northern District of Georgia (1:21-cv-05199-JPB) attempting to get a declaration that it does not have to provide coverage to Defendants Shoazim Rakhmanov and Trucking Experts, LLC. Defense counsel in this case now have a clear conflict of interest[1] – they cannot represent Defendants Shoazim Rakhmanov and Trucking Experts, LLC, as well as National Liability & Fire Insurance Company when National Liability & Fire Insurance Company has sued to deny coverage to the named Defendants.

3.

Defense counsel has made the Offer and Amended Offer without the consent or knowledge of Defendants Rakmanov and Trucking Experts, LLC.

4.

The Amended Offer adds the addition term that "Plaintiffs agree to file a joint motion to the Court to vacate its August 31, 2021 finding of 'subjective bad faith' against the undersigned counsel for Shoazim

---

[1] Defense counsel has not only apparently decided to, "complete their purported representation of Defendants…at their own peril," but they have added an additional conflict to their continued representation. [Doc. 149, p. 3]

Rakhmanov and Trucking Experts, LLC." This term is completely self-serving for defense counsel and provides absolutely zero benefit to the actual Defendants. This is another illustration of why defense counsel's actions in this case are unethical, violate the applicable rules of professional conduct, and why they should be disqualified.

## CONCLUSION

Defense counsel's offer of judgment and amended offer of judgment are not valid. Moreover, the Offer and Amended Offer highlight an additional conflict defense counsel has purporting to represent an insurance company while that insurance company is suing its other clients, the named Defendants. Finally, defense counsel has conditioned settlement on terms that benefit themselves professionally and provide no benefit to Defendants whatsoever. Is this finally the point in the litigation where defense counsel realizes the error of their ways and withdraw?

Respectfully submitted this 7th day of March, 2022.

              AUSBAND & DUMONT

              */s/ Douglas C. Dumont//*
              Douglas C. Dumont
              Georgia Bar No. 232680

*Counsel for Plaintiffs*

825 Fairways Court
Suite 300
Stockbridge, GA 30281
(678) 593-3000 (phone)
(678) 593-3015 (fax)
dougdumont@ausbandlaw.com

## **CERTIFICATE OF SERVICE and COMPLIANCE WITH LR 5.1B**

I do hereby certify that I served a copy of the foregoing pleading by electronic service and/or sending a copy thereof by Statutory Overnight Delivery to counsel of record addressed as follows:

Grant B. Smith, Esq.  
Nicholas D. Bedford, Esq.  
Dennis, Corry, Smith & Dixon, LLP  
900 Circle 75 Parkway, Suite 1400  
Atlanta, Georgia 30339

Darren Summerville, Esq.  
The Summerville Firm, LLC  
1226 Ponce de Leon Ave., NE  
Atlanta, GA 30306

I further certify that this pleading complies with LR5.1B as to font, spacing, and margins.

Respectfully submitted, this 7th day of March, 2022.

AUSBAND & DUMONT

*/s/ Douglas C. Dumont//*
Douglas C. Dumont
Georgia Bar No. 232680

*Attorney for Plaintiffs*

825 Fairways Court
Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 Facsimile
dougdumont@ausbandlaw.com