IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAULINE DEMARCO AND JOSEPH DEMARCO, <br><br> Plaintiffs, <br><br> v. <br><br> SHOAZIM RAKMANOV and TRUCKING EXPERTS, LLC, <br><br> Defendants. | CIVIL ACTION FILE <br> NUMBER 1:20-cv-04256-SDG |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTIONS IN LIMINE**

Defendants Shoazim Rakhmanov and Trucking Experts, LLC move the Court for an order in limine excluding evidence, reference, or argument as to the following matters.

1. **Shoazim Rakhmanov's October 13, 2018 Ticket for Improper Lane Change**

Investigating Atlanta Police Officer Steven Hood cited Defendant Rakhmanov for improper lane change under O.C.G.A. § 40-6-48. The charge remains pending in the City of Atlanta Court system. See printout for City of Atlanta v. Rakhmanov, Shoazim, attached hereto as Exhibit "A." Therefore, the citation is not relevant to any issue to be tried and prejudice to Defendants outweighs any probative value. Fed. R. Evid. 403.

As Judge Stan Baker held in Rangel v. Anderson, 2016 U.S. Dist. LEXIS 154284 (N.D. Ga. Nov. 7, 2016), "'[e]vidence of

traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty.'"  Defendants respectfully request the Court to exclude evidence, reference or argument about Defendant Rakhmanov's ticket.

2. **Testimony by Officer Hood and Any Statement in His Body Cam Video Attributing Fault to Shoazim Rakhmanov.**

Officer Hood investigated the October 13, 2018 collision, recorded his investigation by body camera video, and he authored the Georgia Motor Vehicle Crash Report.  When he arrived, the parties had move their vehicles from the highway and he did not examine the highway for marks or debris.  Officer Hood made several statements attributing fault to Defendant Rakhmanov in his body cam video.  Officer Hood was not trained in accident reconstruction and did not witness the collision.  There was no physical evidence of the collision on Interstate 285.

Plaintiff Joseph Demarco said on the video that a truck changed lanes and hit him.  Defendant Rakhmanov said he maintained his lane and Mr. Demarco hit him.  Based on this investigation, Officer Hood concluded Rakhmnaov made an improper lane change.  This conclusion was based on hearsay and Officer Hood was not trained as an accident reconstruction expert so Defendants

respectfully request to exclude these portions of the body cam video under Fed.R.Evid. 702 and 803.

Rule 702 provides "a witness qualified to testify as an expert by knowledge, skill, experience, training or education" may testify in form of an opinion "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  In applying this rule, the trial court must act as a gatekeeper and admit expert testimony only where it is both relevant and reliable. See Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137, 152 (1999); Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589 (1993).[1]

"District courts are charged with this gatekeeping function to ensure that speculative, unreliable testimony does not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.'"  Rick v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005).  The language of Rule 702 imposes three specific restricts on the admissibility of expert testimony: qualification, reliability, and assistance.

---

[1] Defendants timely filed a Daubert motion to limit Officer Hood's testimony.  (See Defendants' Motion to Limit the Testimony of Officer Steven Hood and Brief in Support [Doc. 174]).

Defendants respectfully request the Court to exclude Officer Hood from testifying about fault because he does not meet the requirements for expert testimony under Rule 702. Similarly, Defendants move to exclude any statements from Officer Hood's body cam video, AXON BODY 2 X8124767, showing Officer Hood attributing fault to Rakhmanov.

Defendants do not move to exclude Officer Hood from testifying about his factual observations and any other determination reflected in the Crash Report he was qualified to make during his investigation based on his training and experience at the time of the accident.

### 3. Portions of Officer Hood's Body Cam Video Referencing Hearsay Statements from the H.E.R.O. Driver.

Plaintiff identified as a trial exhibit the body cam footage from Officer Hood (Ex. 29). The body cam footage contains out-of-court-statements from an unidentified Georgia Department of Transportation H.E.R.O driver and Plaintiffs did not identify that person as a witness who will testify at trial. The H.E.R.O. driver's said he thought Defendant Rakhmanov was at fault, but there was no information indicating what the H.E.R.O. driver did to investigate and there is no evidence this person was an expert. Therefore, these statements are prejudicial to Defendants,

constitute inadmissible hearsay, and lack foundation. Fed.R.Evid. 403, 702, and 803.

**4.    Causation Opinions by Steven Rayappa, M.D., Phillip Ploska, M.D. and Angela Ashley, M.D. Because Plaintiff Failed to Provide Rule 26 Disclosures.**

Plaintiffs identified Steven Rayappa, M.D., Phillip Ploska, M.D. and Angela Ashley, M.D. in their Disclosures, in their Discovery Responses, and in the Pretrial Order as experts who are expected to testify about causation of Plaintiffs' injuries. However, as stated in Defendants' Amended Motion to Exclude Any Expert Testimony of Dr. Steven Rayappa, Dr. Phillip Ploska, and Dr. Angela Ashley [Doc. 179], Plaintiffs failed to provide Rule 26 disclosures including "a summary of the facts and opinions to which [each] witness is expected to testify" as required by Rule 26(a)(2)(C).

Further, as Judge Carnes ruled in Konragunta v. Ace Doran Hauling & Rigging Co., 2013 U.S. Dist. LEXIS 39143, *38 (N.D. Ga. Mar. 21, 2013), plaintiffs must identify experts under Fed.R.Civ.P. 26(a)(2)(B) if the physician's opinion was formed and based on facts gathered outside treatment or involving the use of hypotheticals.

In the present case, certified medical records for Pauline Demarco indicate she had a history of arthritis dating to 1977 (Swanson Dental Group), migraine headaches dating to 1993 (Swanson

Dental Group), bilateral shoulder capsulitis and rotator cuff tendonitis dating to 2005 (Resurgens Orthopedics), left shoulder surgery dating to 2005 (Piedmont Fayette Hospital), dizziness and headaches dating to 2013 (Georgia Cancer Specialists), degenerative changes in her low back dating to 2014 (Piedmont Fayette Hospital), bilateral arm pain dating to 2017 (Piedmont Fayette Hospital), numbness, tingling, joint pain, joint swelling, muscle pain, muscular weakness, muscle cramps, hip pain and leg pain dating to May 31, 2018 (Atlanta Vascular Specialists). Her MRI showed a full thickness rotator cuff tear. Dr. Pennington testified the collision did not cause the rotator cuff tear because there was no mechanism of injury.

There is no information in this case that any of Plaintiffs' experts reviewed any medical records prior to the October 13, 2018 collision or gave a differential diagnosis considering causes other than the collision.[2] Therefore, Defendants respectfully request the Court to exclude causation opinions by Steven Rayappa, M.D., Phillip Ploska, M.D. and Angela Ashley, M.D. who failed to

---

[2] Defendants timely filed a Motion to Exclude Any Expert Testimony of Dr. Steven Rayppa, Dr. Phillip Ploska, and Dr. Angela Ashley and Brief in Support [Doc. 173] and Amended Motion to Exclude Any Expert Testimony of Dr. Steven Rayppa, Dr. Phillip Ploska, and Dr. Angela Ashley and Brief in Support [Doc. 179].

fully identify under Rule 26(a)(2)(C) or provide Rule 26(a)(2)(B) reports.

5. **Testimony From any Witness Not Fully Identified by Plaintiffs During Discovery.**

Discovery closed September 13, 2021. (See Minute Sheet for proceedings held in Open Court on 5/25/2021 [Doc. 80]). Nearly seven months later, Plaintiffs identified unspecified "Medical Personnel" from Regenerative Orthopaedics and Spine Institute, Piedmont Fayette Hospital, Atlanta Cod ER Physicians, Piedmont South Imaging, Piedmont Fayette Physicians, Regenerative Ortho Surgical Center, Northside Radiology Associates, Restoration Neurology, Women's Imaging Center, Piedmont Fayette Hospital, American Health Imaging, Piedmont Henry Hospital, and Henry Anesthesia as fact witnesses in their portion of the Pre-Trial Order. (See Pre-Trial Order [Doc. 176] at p. 56-57).

Plaintiffs' untimely, unspecified, and incomplete identification of these witnesses precluded Defendants for conducting discovery about their knowledge of the underlying suit and Plaintiffs' medical treatment and recovery. Accordingly, Defendants respectfully request the Court to exclude the testimony from any witness not properly identified by Plaintiffs during discovery because the probative value of any testimony is

outweighed by the unfair prejudice to Defendants. Fed.R.Evid. 403.

## 6. Any Document Plaintiffs Failed to Produce During Discovery.

Plaintiffs identified several documents in Attachment G-1 of the Pre-Trial Order they failed to produce to Defendants during discovery. These include a medical narrative of Dr. Philip Ploska, unspecified "[p]hotographs of Plaintiffs and their injuries," and unspecified "[p]hotographs of the vehicles involved in the collision."

Additionally, Plaintiffs categorically listed medical records from Regenerative Orthopaedics and Spine Institute, Piedmont Fayette Hospital, Atlanta Cod ER Physicians, Piedmont South Imaging, Piedmont Fayette Physicians, Regenerative Ortho Surgical Center, Northside Radiology Associates, Restoration Neurology, Women's Imaging Center, Piedmont Fayette Hospital, American Health Imaging, Piedmont Henry Hospital, and Henry Anesthesia and did not provide the exact record and corresponding date of the treatment Plaintiffs seeks to introduce into evidence. Plaintiffs' omissions prohibited Defendants from ascertaining if they have seen the document before and whether Plaintiffs produced the document during discovery. As such, Defendants move to exclude any documents not produced by Plaintiffs during discovery because

probative value of the document is outweighed by the unfair prejudice to Defendants. Fed.R.Evid. 403.

Finally, Plaintiffs are required to give Defendants "reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection --so that the party has a fair opportunity to challenge them." Fed. R. EVID. 902. Accordingly, Defendants move to exclude Plaintiffs from introducing documents into evidence under the guise of these blanket categories because Plaintiffs did not give Defendants sufficient notice of the documents they seek to introduce into evidence.

7. **Reference to Any Issue in Plaintiffs' Motion to Disqualify Defense Counsel or the Court's August 13, 2021 Order.**

Defendants move to exclude Plaintiffs from making any reference to issues raised in their Motion to Disqualify Defense Counsel and For Sanctions with Brief in Support [Doc. 105] and Plaintiffs' Objection to National Liability & Fire Insurance Company's Offer of Settlement on Behalf of Defendants Shoazim Rakhmanov and Trucking Experts to Plaintiffs Under O.C.G.A. § 9-11-68 [Doc. 158]).

Defense counsel intends to tell the jury they do not have contact with Defendant Rakhmanov and Leo Zematis, who owned Trucking Experts, LLC. However, Defendants respectfully request

the Court to enter an order prohibiting Plaintiffs from arguing this or any issue raised in their briefs or the Court's August 13, 2021 Order [Doc. 92] finding of (subjective) bad faith against Defense Counsel because this is irrelevant to any issue before the jury and the prejudice outweighs any probative value. Fed.R.Evid. 403.

**8.     Send a Message to the Trucking Industry.**

Counsel for the Plaintiffs should not be allowed to make any damages argument aimed at suggesting that the trucking industry should be deterred from any future conduct. Under Georgia law, counsel may not argue or otherwise encourage the jury to "send a message" to the industry in connection with an award of damages. See, Alexander Underwriters General Agency v. Lovett, 182 Ga. App. 769, 357 S.E.2d 258 (1987) (where plaintiff's counsel made reference to the "big" or "wealthy" insurer and that the jury should send an appropriate message to the insurer concerning refusal to settle or defend, trial court property directed the jury to erase the comment from their minds and admonished the jury that the case should be decided on its own merits without regard to the size, influence, or affluence of either party).

**9.     Any Argument Defendants Did not Care to Show for Trial.**

Defendants are in default and the issues for the jury to decide in phase one of the trial is causation and damages and

whether Defendants are liable for stubborn litigiousness and punitive damages. There is no evidence Rakhmanov or Zematis is willfully avoiding the damages trial. Therefore, Defendants respectfully request the Court to enter an order prohibiting Plaintiffs from arguing otherwise.

>Respectfully submitted,
>
>DENNIS, CORRY, SMITH & DIXON, LLP
>
>/s/ *Grant B. Smith*
>GRANT B. SMITH, ESQ.
>Georgia bar number 658345
>
>/s/ *Nicholas D. Bedford*
>NICHOLAS D. BEDFORD, ESQ.
>Georgia bar number 940659
>For the Firm
>Attorneys for Defendants

900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
(404) 926-3658
Gbs@dcplaw.com
Nbedford@dcplaw.com
Kmoore@dcplaw.com

**CERTIFICATE OF SERVICE**

I electronically filed **DEFENDANTS' BRIEF IN SUPPORT OF MOTIONS IN LIMINE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Douglas C. Dumont, Esq.
Andrew C. Ausband, Esq.
Kathryn W. Carpenter, Esq.
Ausband & Dumont
825 Fairways Court, Suite 300
Stockbridge, Georgia 30281

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

This 19th day of April, 2022.

/s/ *Nicholas D. Bedford*
NICHOLAS D. BEDFORD
For the Firm